UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 07-10412-RGS

CIVIL ACTION NO. 11-10353-RGS

EDWIN A. DIAZ

v.

UNITED STATES OF AMERICA

ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

November 22, 2011

STEARNS, D.J.

Edwin Diaz, proceeding *pro se*, brings this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Diaz argues that he was improperly classified as a career offender in light of the First Circuit's subsequent

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id*. The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

decision in *United States v. Holloway*, 630 F.3d 252 (1st Cir. 2011), holding that simple assault and battery under Massachusetts law could not be categorically deemed a "violent" felony absent corroborating charging documents or jury instructions establishing which of the variant assault and battery offenses (harmful or merely offensive) underlay a defendant's state conviction. *Id*. at 259. For the reasons stated in the Government's response to this argument, Diaz's petition will be *DENIED*.

As the Government points out, Diaz's predicate convictions did not include simple assault and battery. Rather the convictions consisted of escape from custody,[2] resisting arrest,[3] assault and battery on a police officer,[4] and two convictions of assault and battery with a dangerous weapon.[5] Under the Sentencing Guidelines, Diaz was overly qualified as a career offender, having been convicted of bank robbery and at least two prior felony convictions for a crime of violence. U.S.S.G. § 4B1.2(a).[6]

ORDER

For the foregoing reasons, Diaz's motion to vacate, set aside, or correct his sentence is *DENIED*. The petition is *DISMISSED* with prejudice. The Clerk may now close the case.

---

[2] *See United States v. Pratt*, 568 F.3d 11 (1st Cir. 2009).

[3] *See United States v. Almenas*, 553 F.3d 27 (1st Cir. 2009).

[4] *See United States v. Santos*, 363 F.3d 19 (1st Cir. 2004).

[5] *See United States v. Glover*, 558 F.3d 71 (1st Cir. 2009).

[6] The court notes that Diaz's sentence of 108 months was well below the recommended Guidelines minimum sentence of 151 months.

2

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE